UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:24-CR-396-SEP/JSD |
| | ) |
| LAURENTIU MIGUEL IVAN, | ) |
| | ) |
| Defendant | ) |

**PROTECTIVE ORDER AS TO DISCOVERY TO
DEFENDANT LAURENTIU MIGUEL IVAN**

Pursuant to the provisions of Federal Rule of Criminal Procedure 16(d), upon motion of the United States, and finding good cause shown, the Court enters this Protective Order for the purpose of assuring the confidentiality of discovery materials disclosed by the United States to the Defendant LAURENTIU MIGUEL IVAN ("Defendant") and his counsel in this case during the course of discovery.

IT IS ORDERED, ADJUDGED, AND DECREED that the following procedures will govern the production and/or use of discovery materials that are disclosed in this case:

1.    This Protective Order governs the treatment and handling of all information, material, and documents produced by the United States to the Defendant or his counsel during the discovery proceedings in accordance with the Federal Rules of Criminal Procedure or any order of the Court in this matter.

2.    Discovery materials may be used by Defendant and his counsel only for purposes related to this action and for no other purpose, under the restrictions set out in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall Defendant or his counsel disclose discovery materials to persons or entities other than

the following (subsections (c) through (h) comprising the "Defense Team"):

      a.      The Court and Court Personnel;

      b.      Government Counsel;

      c.      Counsel for Defendant;

      d.      Defendant;

      e.      Secretarial, clerical, paralegal, investigator, students, or other personnel employed full-time or part-time by either Defendant's counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

      f.      Experts or consultants who have been retained by Defendant for the purpose of assisting to conduct these actions or who are being considered as personnel who may provide services to assist in the defense of this litigation;

      g.      Electronic discovery vendors engaged to host discovery materials for any party hereto;

      h.      Fact witnesses at trial or in preparation for their testimony, provided that Defendant's counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order; and

      i.      Other persons, upon order of this Court or upon stipulation by the United States and any affected Defendant whose privacy rights may be implicated.

      3.      Counsel for Defendant shall inform all persons or entities to whom disclosure is made of the requirements under this Protective Order and shall obtain an acknowledgement from such persons or entities that they understand and will comply fully with the Protective Order.

      4.      Within three (3) months of the conclusion of this litigation (which shall be the latest of: (1) the date on which the time for filing an appeal from entry of judgment with no party taking

an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals, and the expiration of the statutory time-frame for filing a petition for habeas corpus pursuant to Title 28, United States Code, Section 2255; or (2) the date of disposition of all motions for post-conviction relief, including any statutory *habeas corpus* motion made pursuant to Title 28, United States Code, Section 2255), Defendant shall either return or destroy all discovery materials subject to this Protective Order and all copies thereof.  Copies of the discovery materials that contain markings constituting attorney work-product need not be returned or destroyed but remain subject to the provisions of this Protective Order.  All discovery materials shall be kept in the possession of the party to whom they were produced, except in the limited circumstances described above.

5.     This Order shall not prejudice in any way the right of any party to seek a Court determination: (i) whether discovery material should be produced, or (ii) if produced, whether such material should be subject to the terms of this Order.  Nor shall this order prejudice in any way the right of any party to apply to the Court for a further protective order relating to any confidential material or information.  This Order also shall not be construed as one that limits any party's right to conduct a review of or to secure the production of information, materials, or documents.

6.     This Order may be modified if the parties to this Order agree to a modification and file a proposed amendment or supplement to the Order that is subsequently approved by the Court.

7.     Any party may at any time move, upon notice to all parties, for modification of, or other relief from, this Order.

**SO ORDERED:**

Dated this _____ day of August, 2024.

_____
Hon. Joseph Dueker
United States Magistrate Judge